UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Luis A., | File No. 26-CV-874 (JMB/SGE) |
| Petitioner, | |
| v. | |
| David Easterwood, *Acting Director of St. Paul Field Office, Immigration and Customs Enforcement*; Kristi Noem, *Secretary of the U.S. Department of Homeland Security*; Pamela Bondi, *Attorney General of the United States*; Todd Lyons, *Acting Director of U.S. Immigration and Customs Enforcement in their official capacities*; | ORDER |
| Respondents. | |

Albert I. Usumanu, Minneapolis, MN, for Luis A.

Matthew Isihara and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents David Easterwood, Kristi Noem, Pamela Bondi, and Todd Lyons.

This matter is before the Court on Petitioner Luis A.'s[1] Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents David Easterwood, Kristi Noem, Pamela Bondi, and Todd Lyons (together, "Respondents") are named in the Petition. For the reasons explained below, the Court grants the Petition in part.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

## FINDINGS OF FACT[2]

1. Luis A is a citizen of Ecuador who entered the United States in September 2023 with a B-2 Visitor's Visa. (Pet. ¶ 14.)

2. Respondents took Luis A. into physical custody on January 30, 2026. (*Id.* ¶ 16.)

3. On January 30, 2026, Luis A. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.)

4. On January 30, 2026, the Court ordered Respondents to file a response to the Petition by February 2, 2026, at 11:00 a.m. (Doc. No. 5.) The Court ordered Respondents to address "whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (*Id.*) Respondents timely filed a response.

## DISCUSSION

Respondents do not address their failure to comply with a statutory requirement that they obtain a warrant prior to the arrest of Luis A. For this reason, the Court grants the Petition in part and orders immediate release.

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

(concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law."  *Hamdi*, 542 U.S. at 525 (quotation omitted).  The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted).  The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence.  *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

The Court agrees with other judges in this District who have concluded that an arrest warrant is a prerequisite to detention under section 1226(a).  *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB), Doc. No. 8 at 3–4 (D. Minn. Jan. 1, 2026).  *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." (emphasis added)).  The Court ordered Respondents to address "whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's

3

immediate release." (Doc. No. 5.)  Respondents failed to do so.  Consequently, the Court orders Luis A.'s immediate release.[3]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED in part and DENIED in part, as follows:

1. Respondents are ORDERED to release Petitioner from custody <u>immediately</u> in Minnesota without conditions, and in any event no later than <u>4:00 p.m. CST on February 3, 2026</u>.

2. On or before <u>11:00 a.m. CT on February 4, 2026</u>, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in accordance with this Order.  Counsel shall also file a declaration on or before <u>11:00 a.m. CT on February 4, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all relevant documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property and the legal basis for retention).  If Petitioner was transferred out of Minnesota prior to the Court's Order granting the Petition, counsel shall also file a declaration on or before <u>11:00 a.m. CT on February 4, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that includes the following: (a) the name or names of any individual or individuals who authorized Petitioner's transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and date when that decision was made; (d) the time and date when Petitioner was moved; and (e) what efforts Respondents took to return Petitioner to Minnesota as ordered by the Court.

3. To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

---

[3] Given its decision to grant the Petition, the Court need not address the remaining counts in the Petition.  The Court also does not address the Petition's request for an award of fees and costs under the Equal Access to Justice Act; Luis A. may move separately for such relief within 30 days of final judgment in this action.  28 U.S.C. § 2412(d)(1)(B).

4. Petitioner's First Motion for Order to Show Cause (Doc. No. 2) is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 2, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court